**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lee Hess,<br><br>        Petitioner,<br>vs.<br><br>Dora B. Schriro, et al.,<br><br>        Respondents. | No. CV-06-1639-PHX-PGR (JI)<br><br>ORDER |

Pending before the Court is the respondents' Objection to Magistrate Judge's Order Requiring Respondents to Provide Copies of Legal Authorities to Petitioner (doc. #22), timely filed pursuant to Fed.R.Civ.P. 72(a). Having considered the parties' memoranda, the Court finds that the respondents' objection should be sustained and that the order that the Magistrate Judge entered on December 5, 2006 (doc. #20) should be vacated as it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

In response to the petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, the respondents filed an Answer (doc. #12), wherein they argued that the petition should be dismissed in its entirety with prejudice as time-barred; they additionally argued that several of the petitioner's claims should also be dismissed because the petitioner procedurally defaulted as

to them. In response to the respondents' Answer, the petitioner filed a Motion to Compel (doc. #16), wherein he requested the Court to order the respondents to provide him with a copy of each legal authority cited by the respondents in their Answer. The stated basis for the request was that the Answer was full of abstract and complicated legal theories that the petitioner was unable to rebut in a reply to the Answer because, as a prisoner, he had no access to the legal authorities cited in the Answer. Over the respondents' objection, the Magistrate Judge, construing the petitioner's motion as a request to conduct discovery, entered an order (doc. #20) granting the petitioner's motion to the extent that he ordered the respondents to provide the petitioner with copies of the legal authorities cited in their answer, with the exception of § 2254 and those authorities contained in the version of the Arizona Revised Statutes or Federal Rules of Court available to the petitioner in the prison law library.

     The basic premise underlying the Magistrate Judge's order is that the petitioner's motion is an appropriate discovery request for documents relevant to his claim. The Court disagrees as a matter of law. Unlike a regular civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. Bracy v. Bramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97 (1997). Discovery in federal habeas litigation is governed by Rule 6 of the Rules Governing § 2254 Cases, which provides that discovery is available only to the extent that the Court, in the exercise of its sound discretion, deems it appropriate after the petitioner has shown good cause for the requested discovery. The "good cause" requirement is met if the habeas petitioner presents specific allegations demonstrating that there is good reason for the Court to believe that the petitioner may, if the facts of his case are fully developed through discovery, be able to

demonstrate that he is entitled to relief. *Id.*, 520 U.S. at 908-09, 117 S.Ct. at 1799.  Here, the petitioner is not seeking the discovery of facts, but of legal research materials.  The Court agrees with the respondents that the petitioner, in arguing that he has no access to legal materials sufficient to allow him to litigate his § 2254 petition, is in actuality improperly raising an access to courts claim, not a discovery claim.  The petitioner is simply not entitled to use the discovery process to compel the respondents to produce the legal authorities they cite in support their opposition to his § 2254 petition as the respondents have no legal obligation to enable him to effectively litigate his petition once it has been filed.

Also pending before the Court is the petitioner's Motion for Appointment of Counsel (doc. #26).   The Court, in the exercise of its sound discretion, finds that the motion should be denied without prejudice.

There is no Sixth Amendment right to counsel in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel for an indigent habeas petitioner whenever "the court determines that the interests of justice so require."   The appointment of counsel for an indigent petitioner is mandated only if the circumstances of a particular case indicate that appointed counsel is necessary to prevent a violation of due process. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728-29.  Under the Rules Governing Section 2254 Cases, the interests of justice thus require the appointment of counsel for an indigent petitioner only "[i]f an evidentiary hearing is warranted," Rule 8(c), or "[i]f necessary for effective discovery," Rule 6(a).  Otherwise, the decision to appoint counsel is within the discretion of the Court.  Terrovona v. Kincheloe, 912 F.2d

1  1176, 1177 (9th Cir. 1990); Knaubert, 791 F.2d at 728.

2  Having reviewed the record, the Court concludes that the interests of
3  justice do not require the appointment of counsel at this stage of the proceedings.
4  The Court has not yet determined whether an evidentiary hearing is required,
5  there is no anticipated discovery which would require appointment of counsel to
6  be effective, and the petitioner asserts no specific circumstances, beyond those
7  routinely faced by *pro se* prisoners, that would require appointment of counsel to
8  ensure that the petitioner is afforded due process in these proceedings.
9  Therefore,

10  IT IS ORDERED that the respondents' Objection to Magistrate Judge's
11  Order Requiring Respondents to Provide Copies of Legal Authorities to Petitioner
12  (doc. #22) is sustained and that the Magistrate Judge's Order (doc. #20), entered
13  on December 5, 2006, is vacated.

14  IT IS FURTHER ORDERED that the petitioner's Motion for Appointment of
15  Counsel (doc. #26) is denied without prejudice.

16  IT IS FURTHER ORDERED that the petitioner shall have through October
17  31, 2007 in which to file his reply, if any, to the respondents' Answer.

18  DATED this 28th day of September, 2007.

Paul G. Rosenblatt
United States District Judge